

ORDERED in the Southern District of Florida on June 24, 2021.

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov**

| | |
|---|---|
| In Re: | CASE NO.:   20-16515-MAM |
| | Chapter 7 |
| **JONATHAN RESNICK,** | |
| Debtor. | |
| _____/ | |

**ORDER APPROVING STIPULATION
TO COMPROMISE CONTROVERSY [ECF NO. 144]**

THIS MATTER came before the Court in West Palm Beach, Florida, upon the Trustee's Motion to Approve Stipulation to Compromise Controversy, [ECF No. 144] and the movant by submitting this form of order having represented that the motion was served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21 day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of this court order was attached to an exhibit to the motion, finding that the settlement has been properly served on all creditors, is a reasonable settlement and is in the best interest of the estate and creditors, and the Court being otherwise fully advised in the premises, it is

1

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Approve Stipulation to Compromise Controversy ("Motion") is **GRANTED.**

2. The Stipulation to Compromise Controversy ("Stipulation") is **APPROVED** in its entirety and its terms are hereby incorporated by reference into this Order in their entirety.

3. The Court approves the settlement as to any avoidance claims the Trustee may have against Perry Resnick for the sum of $7,500.00 to be paid to the Trustee as outlined within the Stipulation.

4. The Court approves the settlement as to any avoidance claims the Trustee may have against Diane Resnick for the sum of $7,500.00 to be paid to the Trustee as outlined within the Stipulation.

5. The Debtor has agreed to waive his discharge pursuant to 11 U.S.C. §727(a)(10). Accordingly, a final judgment within the Discharge Action shall be entered denying discharge.

6. The Debtor's denial of discharge shall be treated as a denial of discharge for purposes of termination of the automatic stay as to KrunchCash.

7. Upon payment in full of the amount of funds referenced in paragraphs three (3) and four (4) above, and presuming that there has been no failure to cooperate as set forth within the Stipulation, the Joint Objection to Exemptions (as defined within the Motion) shall be overruled pursuant to a separate court order to be submitted to the Court immediately upon entry of this order.

        8.       The Court reserves jurisdiction to enforce the terms of this order and Stipulation.

###

Submitted by:
MICHAEL R. BAKST, ESQ.
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T: (561) 838-4523   F:   (561) 514-3423
Email: michael.bakst@gmlaw.com

*(Michael R. Bakst, Esq. shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*